**STUDIO A ENTERTAINMENT, INC., Plaintiff**

v.

**ACTION DVD, et al., Defendants.**

Case No. 1:05 CV 1196.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 28, 2009.

Jules D. Zalon, West Orange, NJ, for Plaintiff.

Alek H. El–Kamhawy, Lila Dawud Raslan, Alek H. El–Kamhawy, Raslan, El–Kamhawy & Pla, Cleveland, OH, for Defendants.

## ORDER

SOLOMON OLIVER, JR., District Judge.

Now pending before the court in the above-captioned case is Plaintiff Studio A's ("Plaintiff" or "Studio A") Motion for Attorneys' Fees and Costs ("Pl.s' Mot. for Attys' Fees," ECF No. 181). Plaintiff maintains that it is entitled to an award of fees and costs against Defendants Action Software, Inc. ("Action Software") and Alexander Belfer ("Belfer") (collectively, "Defendants" or "Action") and their counsel. Plaintiff seeks an award in the amount of $173,368.96 against Defendants, and it further maintains that it is entitled to further costs, in an amount to be determined by the court, against Defendants' counsel personally pursuant to 28 U.S.C. § 1927 for "needlessly extending this litigation." (Pl.s' Mot for Atty's Fees at 1.) For the reasons that follow, the court grants in part and denies in part this Motion.

## I. FACTS AND PROCEDURAL HISTORY

A more thorough recitation of the facts appears in the court's Order dated January 5, 2009 (Order, ECF No. 176). Plaintiff Studio A is in the business of creating adult films, which it sells in DVD format. Studio A brought the instant action against Defendants Action Software and its owner, Belfer, for copyright and trademark infringement for purchasing and reselling unauthorized or "bootleg" copies of Studio A DVDs. Defendants filed a counterclaim against Plaintiff for unfair competition under California law, alleging that Studio A failed to notify distributors and customers

of its DVDs being stolen and copied without authorization, allowing innocent buyers to purchase unauthorized copies of the DVDs.

On June 12, 2007, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, arguing that Plaintiff's claims should be dismissed for failure to properly serve Defendants, or in the alternative, that summary judgment should be granted in their favor because Plaintiff could not demonstrate that Defendants sold unauthorized DVDs. To support the latter argument, they submitted testimony from a purported expert, John Ban, who opined that the DVDs did not have the markings of ones that were bootleg. The court, in an order dated September 29, 2007, struck the expert's report in its entirety, finding that the expert's conclusions were unreliable and otherwise irrelevant to the instant suit. (Order, ECF No. 170.) Plaintiff also filed a Motion for Summary Judgment, arguing that the evidence demonstrates that Defendants infringed Plaintiff's copyright and trademark by purchasing and reselling unauthorized Studio A DVDs.

The court issued an order denying Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and granting Plaintiff's Motion for Summary Judgment. The court found that Plaintiff demonstrated that Defendants purchased and resold unauthorized DVDs, and that even though Plaintiff did not seek to demonstrate that the infringement was intentional or willful, Plaintiff was still entitled to the statutory minimum of $750 for each of the unauthorized DVD titles that Defendants resold.

Thereafter, on January 28, 2009, Plaintiff filed its Motion for Attorneys' Fees and Costs, requesting an award in the amount of $173,268.96 against Defendants pursuant to 17 U.S.C. § 505. It further seeks an additional award in an amount to be determined by the court against Defendants' counsel, Alek H. El–Kamhawy, for "needlessly extending this litigation." (Pl.s' Mot. for Attys' Fees and Costs at 1, ECF No. 181.) Defendants, on the other hand, maintain that Plaintiff is not entitled to attorneys' fees under either statute, and that counsel did not engage in any conduct that would warrant an additional award to Plaintiff.

## II. PLAINTIFF'S ENTITLEMENT TO FEES AND COSTS

■ The Copyright Act states in pertinent part that "the court in its discretion may allow the recovery of full costs by or against any party .... [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In determining whether fees and costs should be awarded to the prevailing party, a court should consider the following factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *see also Zomba Enters. v. Panorama Records, Inc.,* 491 F.3d 574, 589 (6th Cir.2007). These factors are nonexclusive, and the court is not required to find that every factor weighs in favor of the prevailing party to award fees. *Bridgeport Music v. Diamond Time,* 371 F.3d 883, 894 (6th Cir.2004).

■ In the instant case, it is undisputed that Plaintiff is the prevailing party. The sole issue is whether, based on the *Fogerty* factors, Plaintiff is entitled to fees and costs. Several of the *Fogerty* factors, including frivolousness, objective unreasonableness, and the need to advance considerations of deterrence, weigh in favor of

awarding fees. First, Defendants held to objectively unreasonable and frivolous positions throughout this litigation. They asserted a baseless counterclaim against Plaintiff for unfair business dealings under California law, in which the court granted summary judgment in favor of Plaintiff. The court concluded that Defendants presented no credible evidence to support the elements of this claim. (Order at 20, ECF No. 176.)

Additionally, in defending against Plaintiff's copyright infringement claim, they asserted frivolous and objectively unreasonable arguments. They maintained in their Motion for Summary Judgment that the DVDs were not bootleg copies as Plaintiff's could offer no evidence to show that they were unauthorized, despite the fact that there were noticeable differences between the authorized and the unauthorized copies. Defendants, instead, continued this litigation, maintaining that the copies were legitimate. Defendants' conduct of continuing this suit despite the substantial evidence that the DVDs were unauthorized was objectively unreasonable.

Defendants now state, in their opposition brief, as follows:

> Studio A ... filed countless motions ... to establish what the parties agreed upon from the very inception of this cause of action: ***Defendants' acts and/or omissions were nothing other than innocent infringement of Plaintiff's copyrights and trademarks.***

(Defs.' Br. in Opp. to Pl.'s Mot. for Award of Atty. Fees and Costs at 3, ECF No. 183, emphasis in original.) In this statement, they appear to admit that they always knew that the DVDs they purchased were unauthorized, but that they inadvertently or innocently purchased these unauthorized DVDs. This statement is both contrary to the position they held in their Motion for Summary Judgment, and it is irrelevant in terms of their liability as innocent infringement is not a defense to copyright infringement. The court expressly held that an innocent infringement did not affect their liability; instead, it only limited the amount of statutory damages awarded by the court. (Order at 21–22.) This admission in the brief further demonstrates the objectively unreasonable and frivolous positions Defendants have held and continue to hold throughout this suit.

■■■■ Second, the court finds that the deterrence factor also weighs in favor of granting fees. This suit was initiated in 2005, lasting over four years, for what amounted to a relatively small damage award based entirely on the Copyright Act's provisions governing damages. The parties were engaged in settlement discussions early in the litigation, and according to Zalon, they reached a tentative settlement for approximately the statutory damage amount. (Decl. of Zalon at 2–3, ECF No. 181–1.) The settlement discussions eventually concluded without agreement, which Zalon contends was because of Defendants' refusal to agree to this amount. (Decl. of Zalon at 2–3, ECF No. 181–1.) While Defendants maintain that they did not destroy a valid settlement agreement as one was never reached, they do not deny refusing to agree to the proposed amount. The court finds this conduct unreasonable in light of the provision of the Copyright Act detailing damages and their apparent knowledge throughout the litigation that the DVDs were unauthorized copies. An award of fees and costs against Defendants, in this case, would deter others from continuing to litigate and not engaging in good faith negotiations where liability is conceded and the amount of damages are prescribed by statute. Because the court finds that three *Fogerty* factors, including objective unreasonableness, frivolousness, and deterrence, all

weigh in favor of Plaintiff, the court finds that Plaintiff is entitled to an award of costs and fees under 17 U.S.C. § 505.

■ While the court finds that Plaintiff is entitled to fees and costs under the Copyright Act, the court declines to award Plaintiff's additional cost request pursuant to 28 U.S.C. § 1927 against Defendants' counsel. This provision provides that "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under Section 1927 are appropriate when an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Followell v. Mills,* 317 Fed.Appx. 501, 511 (6th Cir.2009) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir.2006)).

■ In the instant case, Plaintiff maintains that "the most outrageous action counsel took was his submission of John Ban's expert report." (Pl.s' Mem. of Law in Supp. of Mot. fort Attys' Fees and Costs at 17, ECF No. 181–6.) It argues that the report was written entirely by Defendants' counsel and that Ban lacked experience in the adult film business to offer any opinions relevant to the case. While the court agrees that this report was unreliable, counsel's submission of the report does not warrant sanctions against him. In striking this report, the court found that the expert's conclusions were unreliable because of the methods used, and the court found that his conclusions were otherwise irrelevant to the case. The court, however, did not find that Ban was unqualified to offer his conclusions on these issues. Even though Ban lacked expertise in the adult film industry specifically, his resume indicates that he has substantial knowledge in

the production of DVDs. (John Ban Vitae, ECF No. 88–2.) There was nothing indicating that specific knowledge in the adult film industry was necessary to give an expert opinion regarding whether the DVDs found with Defendants were unauthorized copies. Furthermore, Plaintiff's assertion that Defendants' counsel fraudulently created the report is not supported by any evidence presently before the court. Therefore, the court finds that Defendants' counsel, in submitting Ban's expert report, did not act so improperly as to abuse the judicial process or needlessly multiple the proceedings.

Plaintiff also maintains that Defendants submitted various meritless motions, which the court mostly denied, in an effort to needlessly extend the litigation. While the court agrees that Defendants submitted various motions that the court found not to be well-taken and could have used considerably better judgment, the court does not find that this conduct rises to the level of abuse that would require the court to hold Defendants' counsel personally liable for these costs. Accordingly, the court rejects Plaintiff's contention that the submission of Ban's expert report warrants sanctions against Defendants' counsel.

## III. AMOUNT OF FEES AND COSTS

### A. Attorney's Fees

■ Courts, in determining the amount of reasonable attorneys' fees, use the "lodestar" approach outlined in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The lodestar amount is established by multiplying a reasonable hourly rate by the number of hours expended by attorneys on the case. *Id.* at 433, 103 S.Ct. 1933; *Bldg. Svc. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir.1995). There is a "strong presumption" that the lodestar figure is rea-

sonable. *Bldg. Svc.,* 46 F.3d at 1401. Therefore, the court will determine the reasonable number of hours Plaintiffs' attorney, Jules Zalon ("Zalon"), expended in litigating this case and a reasonable rate for his services.

### 1. Calculation of Hours

In determining reasonable hours, the Supreme Court held that attorneys seeking fees pursuant to a statute are expected to use the same "billing judgment" as a private attorney would use in billing a client. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. This judgment requires attorneys to make a good faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* The party requesting fees must present the court with enough detail to determine whether the hours were "actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile and Composition v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 n. 2 (6th Cir.1984). The fee applicant "has the burden of demonstrating the reasonableness of hours and the opposing party has the burden of producing evidence against this reasonableness." *Anglo–Danish Fibre Indus. v. Columbian Rope Co.,* No. 01–2133, 2003 WL 223082, at *4, 2003 U.S. Dist. LEXIS 10386, at *13 (W.D.Tenn. Jan. 28, 2003).

In the instant case, Zalon seeks fees based on 464.83 hours of work. He submitted a billing statement to support his request, which includes a description of the work he performed and the length of time he spent for each entry. He maintains that he reviewed the billing statement for reasonableness prior to submitting it, and that he redacted portions of the statement which he determined were unreasonable. Furthermore, he states that, while he was working on the instant action, he was also working on similar copyright infringement suits on behalf of Studio A against other alleged infringers. He maintains, however, that he removed and redacted the entries related to the other cases and included only the billing related to the instant action.

Defendants, on the other hand, argue that Plaintiff's hours should be reduced because Plaintiff admitted that he was working on seven different related cases at the same time, and that, therefore, "it is reasonable to conclude Plaintiff and its counsel utilized an economy of scale approach to litigation by administering minor changes to similar pleadings." (Defs' Opp. at 25.) Defendants, however, fail to cite to any specific billing entry submitted by Plaintiff that would demonstrate that counsel employed such a method, and the court, in its own review, fails to find entries to support Defendants' argument. Many of the entries contain descriptions that are specific to Studio A's suit against Action, including participating in settlement discussions related to this case, responding to particular discovery disputes that arose and motions submitted by Defendants, and deposing witnesses specific to this case. Thus, the court rejects Defendants' argument that the hours submitted were unreasonable in this regard.

Defendants fail to assert any additional arguments or submit evidence or authority demonstrating the unreasonableness of the requested hours. Moreover, the number of hours submitted by counsel are reasonable in light of the length and subject matter of this case as well as the various pleadings filed. The court, therefore, accepts Plaintiff's request of compensation for 464.83 hours of legal work.

### 2. Calculation of Rates

To determine a reasonable hourly rate, the Supreme Court has held that a court should use the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The prevailing market

rate has been defined in the Sixth Circuit as the rate that "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004) (citing *Adcock–Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir.2000)).

 Plaintiff's counsel contends that a rate of $300 per hour for his services is reasonable. To support this contention, he notes that the rates of other attorneys with similar experience and expertise in copyright law, typically charge a rate that far exceeds $300 per hour. He further points out to the court that he represented high-profile clientele, championed the use of ex parte seizure orders to enjoin the sale of unauthorized merchandise in parking lots of concert venues, authored a law review article on this topic, and served numerous times as a guest lecturer on issues regarding trademark and copyright infringement.

 Defendants argue that this rate is unreasonable because counsel did not submit a fee agreement, in which case, "it is entirely possible Plaintiffs' counsel performed the services on a contingency fee arrangement." (Defs.' Opp. at 24.) However, Defendants' argument is not well-taken, as the fee arrangement between Studio A and Zalon does not serve as a limit on the fee award. *See Montgomery v. Noga,* 168 F.3d 1282, 1304 (11th Cir. 1999) (affirming an award of attorneys' fees under 17 U.S.C. § 505 without capping the award based on the contingency fee agreement between the plaintiff and counsel); *Jack Tyler Eng'g Co. v. Environment–One Corp.,* No., 2009 WL 2382256, at *4, 2009 U.S. Dist. LEXIS 66443, at *12 (W.D.Tenn. July 31, 2009) (rejecting the argument that the court is limited by the contractual fee agreement between the plaintiff and counsel in awarding attorneys' fees in a contract dispute).

Instead, the court must determine the reasonable value of the services rendered in the case. *Montgomery,* 168 F.3d at 1304.

Furthermore, the court finds that the hourly rate requested by Zalon is reasonable. Zalon has demonstrated a knowledge and reputation in the area of copyright and trademark law. Furthermore, the court is aware that rates in larger markets such as New York City and Los Angeles far exceed the amount he seeks, and that a lower rate of $300 is commensurate with the prevailing rate for an attorney with his experience and reputation in this smaller market. Thus, the court accepts Zalon's requested rate of $300 per hour for the work he performed in this case.

Accordingly, based on an hourly rate of $300 with 464.83 hours performed by Zalon, the court awards Plaintiff $139,449.00 in fees.

### B. Costs

Zalon also requests costs in the amount of $33,919.96. He submitted a billing statement, receipts, and chart, detailing the costs accumulated in this litigation. Defendants fail to put forth any argument disputing the reasonableness of these costs. After reviewing the documents submitted by Plaintiff, the court finds award of $33,919.96 in costs reasonable and fully supported by documentation.

### IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part Plaintiff's Motion for Attorneys; Fees and Costs (ECF No. 181), awarding $139.499.00 in fees and $33,919.96 in costs, totaling $173,368.96 in favor of Plaintiff and against Defendants.

IT IS SO ORDERED.